IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KASKASKIA RIVER/MARINA CAMPGROUNDS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 07-CV-0166-MJR ) |
| THE UNITED STATES OF AMERICA, THE DEPARTMENT OF THE ARMY, THE UNITED STATES CORPS OF ENGINEERS, THE STATE OF ILLINOIS, ATTORNEY GENERAL ALBERTO R. GONZALES, JOHN DOE in his individual and official capacity as an agent or employee of THE ARMY CORPS OF ENGINEERS, JOHN DOE II in his individual and official capacity as an agent or employee of the State of Illinois, and THE ILLINOIS DEPARTMENT OF NATURAL RESOURCES, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

**A. Introduction and Factual/Procedural Background**

On March 7, 2007, Kaskaskia River/Marina Campgrounds, Inc. (Kaskaskia Marina) filed a complaint under the Federal Tort Claims Act alleging that on September 6, 2003, its facilities were damaged by an unexpected drop in water level (Doc. 2). Kaskaskia Marina named the following Defendants: the United States of America, the Department of the Army, the United States Corps of Engineers, the State of Illinois, Attorney General Alberto R. Gonzales, John Doe, in his individual and official capacity as an agent or employee of the Army Corps of

Engineers, John Doe II, in his individual and official capacity as an agent or employee of the State of Illinois, and the Illinois Department of Natural Resources.

Kaskaskia Marina alleges that the navigable portion of the Kaskaskia River was expanded under the Kaskaskia River Marina Navigation Project, which allocated responsibilities for maintenance of water levels between various federal and state agencies. Kaskaskia Marina alleges that these governmental agencies were negligent by disregarding standards, maintenance, and the operation of certain equipment, which resulted in the drop in water level. Kaskaskia Marina seeks monetary relief for damage to its property, declaratory relief to determine the relative responsibilities of the Defendants, and injunctive relief.

On July 7, 2007, after four months of inactivity, this Court entered a notice of impending dismissal for want of prosecution. Therein, the Court allowed Kaskaskia Marina twenty days to effectuate service or to proceed to default judgment (Doc. 4). On July 27, 2007, Kaskaskia Marina responded by informing the Court that the State of Illinois and the Illinois Department of Natural Resources had waived service and that the remaining federal governmental agencies had been served pursuant to FED. R. CIV. P. 4(i) (Doc. 7). Neither John Doe nor John Doe II has been identified or served, either in their official or individual capacities.

On July 27, 2007, the State of Illinois and the Illinois Department of Natural Resources (the State Defendants) filed a motion to dismiss Kaskaskia Marina's complaint on the basis of state sovereign immunity (Doc. 6). On September 17, 2007, the United States of America, the Department of the Army, the United States Corps of Engineers, Attorney General Alberto R. Gonzales, and John Doe in his official capacity (the Federal Defendants) filed a motion to dismiss on the basis of improper service of process and improperly named Defendants (Doc. 10).

On September 19, 2007, the Court ordered Kaskaskia Marina to submit a response to the Federal Defendants' motion to dismiss by October 22, 2007 (Doc. 13). On October 23, 2007, Kaskaskia Marina filed a combined response to both motions (Doc. 20).[1] Additionally, on March 11, 2008, the State Defendants filed a motion to stay discovery pending resolution of their motion to dismiss (Doc. 21).

Having fully reviewed these filings, the Court **GRANTS** the State Defendants' motion to dismiss (Doc. 6), **GRANTS IN PART AND DENIES IN PART** the Federal Defendants' motion to dismiss (Doc. 10), and **DENIES AS MOOT** the State Defendants' motion to stay discovery (Doc. 21).

### B. Analysis

**1. The State Defendants' Motion to Dismiss (Doc. 6)**

The Eleventh Amendment recognizes that each state is a sovereign entity, and "it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without consent." *Hans v. Louisiana*, **134 U.S. 1, 13 (1890).** By its express terms, the Eleventh Amendment bars federal courts from hearing suits against a state brought by citizens of any other state. **U.S. CONST. AMEND. XI.**[2] Additionally, the United States Supreme Court has consistently held that unconsenting states are immune from suits brought in federal court by their own citizens as well as those brought by citizens of other states. ***Ameritech Corp. v. McCann*, 297 F.3d 583, 585 (7th Cir. 2002) (citing *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974)).**

---

[1] Although Kaskaskia Marina's response was filed out of time as to both motions to dismiss, no party objected, and the Court has considered Kaskaskia Marina's response in making its ruling.

[2] The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

Eleventh Amendment immunity applies to injunctive suits against the states as well as those for damages. *Id.* The Eleventh Amendment also protects state agencies and state officials from such actions. *See Seminole Tribe of Florida v. Florida*, **517 U.S. 44, 73-76 (1996);** *Kentucky v. Graham*, **473 U.S. 159, 169 (1985);** *Pennhurst State School & Hosp. v. Halderman*, **465 U.S. 89, 100 (1984).** *See also Illinois Assoc. of Mortgage Brokers v. Office of Banks and Real Estate*, **308 F.3d 762, 765-66 (7th Cir. 2002);** *Ryan v. Illinois Dep't of Children & Family Servs.,* **185 F.3d 751, 758 (7th Cir. 1999) (explaining that as an agency of the state, Illinois Department of Children & Family Services was entitled to Eleventh Amendment immunity against § 1983 claims).**

There are narrow circumstances in which a suit can proceed against a state, its agencies, or officials. For instance, a state can waive the protections of the Eleventh Amendment and consent to be sued in federal court. *Ameritech*, **297 F.3d at 585.** Additionally, the United States Congress can use its enforcement powers under the Fourteenth Amendment to abrogate a state's Eleventh Amendment immunity. *Id.* Furthermore, a suit for prospective injunctive relief (though not money damages) may proceed against state officials in limited circumstances, as outlined in *Ex Parte Young*, **209 U.S. 124 (1908).** *See Ameritech*, **297 F.3d at 585.** Finally, a suit for money damages may proceed against a state official sued in his individual capacity (as opposed to his official capacity) for wrongful conduct attributable to the official himself, "so long as the relief is sought, not from the state treasury but from the officer personally." *Alden v. Maine*, **527 U.S. 706, 757 (1999).**

Kaskaskia Marina's suit against the State Defendants does not fall within any of the exceptions to the Eleventh Amendment. Here, Kaskaskia Marina proceeds in federal court against the State of Illinois itself and the Illinois Department of Natural Resources, an agency of

the State of Illinois, for monetary and injunctive relief. The State of Illinois and the Illinois Department of Natural Resources have neither consented to this suit nor have they waived the immunity they enjoy under the Eleventh Amendment. Furthermore, Kaskaskia Marina does not maintain that Congress has validly abrogated state sovereign immunity in any statute pertaining to the claims it asserts in its complaint. As Kaskaskia Marina fails to provide this Court with any state or federal statute under which this action may proceed against the State Defendants, the complaint must be dismissed insofar as it is directed against the State of Illinois and the Illinois Department of Natural Resources.

Kaskaskia Marina requests that it be given leave to amend its complaint in the event that this Court accepts the State Defendants' immunity argument. Specifically, Kaskaskia Marina wishes to pursue claims under 42 U.S.C. § 1983 for denial of procedural and/or substantive due process "and for relief for violation of a constitutionally protected liberty interest." However, it is well-established that Congress's enactment of § 1983 did not "override the traditional sovereign immunity of the States." ***Quern v. Jordan*, 440 U.S. 334, 341 (1979). *Accord Ryan v. Illinois Dept. Fo Children and Family Services*, 185 F.3d 751, 758 (7th Cir. 1999); *Kroll v. Board of Trustees of University of Illinois*, 934 F.3d 904, 909 (7th Cir. 1991), *cert. denied*, 502 U.S. 941 (1991).** As a result, the Court fails to see any manner in which Kaskaskia Marina can re-plead the claims against the State of Illinois or the Illinois Department of Natural Resources to circumvent Eleventh Amendment immunity. However, as stated below, the Court will permit Kaskaskia Marina to file a formal motion to amend setting out the basis for its proposed § 1983 claims.

Finally, it should be noted that John Doe II has not yet been identified or served. Furthermore, the complaint is not a model of clarity, as Kaskaskia Marina includes all

Defendants and claims within a single count in its complaint.  As a result, the basis of its claims against John Doe II are unclear.  Therefore, this Court **DIRECTS** Kaskaskia Marina to identify and serve John Doe II and file an amended complaint by April 21, 2008 clarifying its claims against the various Defendants in separate counts, including an explicit statement of this Court's jurisdiction.  Failure to do so may result in dismissal of Kaskaskia Marina's claims against John Doe II.

Accordingly, the Court **GRANTS** the State Defendants' motion to dismiss (Doc. 6) and **DISMISSES** Kaskaskia Marina's complaint against the State of Illinois and the Illinois Department of Natural Resources **with prejudice**.  Should Kaskaskia Marina wish to further establish the basis upon which it desires to amend its complaint to add claims under § 1983, Kaskaskia Marina shall do so **by April 4, 2008**.  Finally, Kaskaskia Marina shall identify and serve John Doe II and file an amended complaint as described above **by April 21, 2008**.

**2.  The Federal Defendants' Motion to Dismiss (Doc. 10)**

The Federal Defendants allege that Kaskaskia Marina did not timely serve them pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 4(m)** and, as a result, the complaint should be dismissed.  Additionally, the Federal Defendants argue that the federal agencies and officials should be dismissed, as the United States of America is the only proper federal defendant in an action brought under the Federal Tort Claims Act.  The Court denies the motion to dismiss for improper service, but grants the motion to dismiss the federal agencies pursuant to the Federal Tort Claims Act.

As to the motion to dismiss for improper service, Rule 4(m) requires that service of the summons and complaint be made upon a defendant within 120 days after the filing of the complaint.  **FED. R. CIV. P. 4(m).**  If service is not completed within that time, the Court, after

notice to the plaintiff, shall dismiss the action without prejudice as to that defendant *or* direct that service be effected within a specified time. ***Id.***

On March 7, 2007, Kaskaskia Marina filed its complaint (Doc. 2). It is clear that not all Defendants had been served within 120 days after the complaint was filed. However, in its July 7, 2007 Order, the Court permitted Kaskaskia Marina an additional twenty days in which to serve Defendants (Doc. 4). Although Kaskaskia Marina had requested the remaining Federal Defendants to waive service, each refused (See Doc. 7). Nonetheless, Kaskaskia Marina was able to serve the remaining Federal Defendants pursuant to FED. R. CIV. P. 4(i) within the twenty-day period. It also bears noting that the Federal Defendants have not alleged that any prejudice resulted from the delay in service of process. Consequently, this Court declines the Federal Defendants' invitation to dismiss the complaint for improper service.

Second, Defendants argue that all of the Federal Defendants, other than the United States of America, are improper Defendants under the Federal Tort Claims Act and must be dismissed. The Court agrees. It is well-established that in an action under the Federal Tort Claims Act, the United States of America (rather than federal agencies or officials) is the proper Defendant. *See* **28 U.S.C. § 2679(b);** ***Hughes v. United States*, 701 F.3d 56, 58 (7th Cir. 1982).** Kaskaskia Marina's complaint improperly names the Department of the Army, the United States Corps of Engineers, Attorney General Alberto R. Gonzalez, and John Doe in his official capacity as agent or employee of the Army Corps of Engineers. Because the Court finds they are improper defendants under the Federal Tort Claims Act, they must be dismissed from this action with prejudice.

Finally, it should be noted that the Federal Defendants have not moved to dismiss the claims against John Doe in his individual capacity. However, John Doe has not yet been

identified or served. Furthermore, the complaint is not a model of clarity, as Kaskaskia Marina's complaint includes all Defendants and claims within a single count. As a result, the basis of its claims against John Doe in his individual capacity are unclear. Therefore, this Court **DIRECTS** Kaskaskia Marina to identify and serve John Doe and file an amended complaint by April 21, 2008 clarifying its claims against the various Defendants in separate counts as described above. Failure to do so may result in dismissal of Kaskaskia Marina's claims against John Doe.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the Federal Defendants' motion to dismiss (Doc. 10) and **DISMISSES** the Department of the Army, the United States Corps of Engineers, Attorney General Alberto R. Gonzales, and John Doe in his official capacity as an agent or employee of the Army Corps of Engineers **with prejudice**. Finally, Kaskaskia Marina shall identify and serve John Doe and file an amended complaint as described above **by April 21, 2008**.

### 3. The State Defendants' Motion to Stay

Because the Court has now ruled on the motions to dismiss, the motion to stay discovery is hereby **DENIED AS MOOT** (Doc. 21).

### C. Conclusion

For the reasons stated in this Order, the Court hereby **GRANTS** the State Defendants' motion to dismiss (Doc. 6) and **DISMISSES** Kaskaskia Marina's complaint against the State of Illinois and the Illinois Department of Natural Resources **with prejudice**.

Additionally, the Court **GRANTS IN PART AND DENIES IN PART** the Federal Defendants' motion to dismiss (Docs. 10). The Court **DENIES** the motion to dismiss for improper service, **GRANTS** the motion to dismiss on the basis of § 2679(b) of the Federal Tort Claims Act, and **DISMISSES** the Department of the Army, the United States Corps of

Engineers, Attorney General Alberto R. Gonzales, and John Doe in his official capacity as an agent or employee of the Army Corps of Engineers **with prejudice**.

Because the Court has now ruled on the motions to dismiss, the motion to stay discovery is hereby **DENIED AS MOOT** (Doc. 21).

Finally, should Kaskaskia Marina wish to further establish the basis upon which it desires to amend its complaint to add claims under § 1983, Kaskaskia Marina shall do so in a formal motion to amend **by April 4, 2008**. In any case, Kaskaskia Marina shall identify and serve John Doe and John Doe II, and file an amended complaint consistent with this Order **by April 21, 2008**. Failure to file an amended complaint by that date may result in dismissal of Kaskaskia Marina's claims against John Doe and John Doe II.

At this time, the only remaining Defendants in this case are the United States of America, John Doe in his individual capacity, and John Doe II in his official and individual capacities.

**IT IS SO ORDERED.**

**DATED this 20th day of March 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**