# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KASKASKIA RIVER/MARINA CAMPGROUNDS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 07-CV-0166-MJR |
| THE UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Background

On March 7, 2007, Kaskaskia River/Marina Campgrounds, Inc. (Kaskaskia) filed a one-count complaint for property damage against various federal and state entities (Doc. 2). On March 20, 2008, the Court granted in part and denied in part Defendants' various motions to dismiss (Doc. 22). Kaskaskia filed an amended complaint on May 16, 2008 (Doc. 25). However, the complaint improperly included a new claim even though the Court never gave Kaskaskia leave to do so. As a result, the Court dismissed Count I of Kaskaskia's amended complaint (Doc. 26).

This leaves Kaskaskia's negligence claim against the United States for property damage under the Federal Tort Claims Act as the only pending claim in this action. Kaskaskia alleges that its marina property was damaged as a result of the United States's negligent maintenance of the water levels on the Kaskaskia River. Specifically, Kaskaskia argues that the United States failed to monitor, inspect, and gauge the operation of its lock

and dam system and failed to provide warnings that would have permitted Kaskaskia to minimize or avoid the resulting damage.

On July 9, 2008, the United States filed a combined motion for summary judgment and motion to dismiss (Doc. 31). Therein, the United States argues that this Court lacks subject matter jurisdiction over certain claims, that Kaskaskia's claims are barred by the statute of limitations, and that Kaskaskia has provided no evidence to support its negligence claim such that no genuine issues of material fact exist. Kaskaskia filed its response on August 11, 2008 (Doc. 34) and the United States filed a reply on August 19, 2008 (Doc. 36).

Having reviewed the parties' filings, the Court hereby **GRANTS** the United States's motion (Doc. 31).

### B. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction

In part, the United States seeks dismissal of certain claims for lack of subject matter jurisdiction. The Court resolves this issue first, as it cannot determine whether summary judgment should be granted unless subject matter jurisdiction lies in this action.

### 1. Kaskaskia's Request for Injunctive and Declaratory Relief

First, the United States argues that Kaskaskia's claims for injunctive and declaratory relief must be dismissed for lack of subject matter jurisdiction. In particular, the United States argues that it has not waived its sovereign immunity with respect to these claims. The Supreme Court has explained:

> Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature. Indeed, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit."

*F.D.I.C. v. Meyer*, **510 U.S. 471, 475 (1994) (citations omitted).** In other words, "without specific statutory consent, no suit may be brought against the United States." *United States v. Shaw*, **309 U.S. 495, 500-01 (1940).** The plaintiff bears the burden of proving that a particular statute waives sovereign immunity. *Clark v. United States*, **326 F.3d 911, 912 (7th Cir. 2003) ("To maintain an action against the United States in federal court, a plaintiff must identify a statute that confers subject matter jurisdiction on the district court and a federal law that waives the sovereign immunity of the United States to the cause of action.");** *Cole v. United States*, **657 F.2d 107, 109 (7th Cir. 1981) ("A party who sues the United States has the burden of pointing to a congressional act that gives consent.").**

The Federal Tort Claims Act (FTCA) contains a general waiver of sovereign immunity. *See* **28 U.S.C. § 2674.** Where the United States is a defendant, district courts

> have exclusive jurisdiction of civil actions on claims against the United States, **for money damages**, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

**28 U.S.C. § 1346(b)(1) (emphasis added).** The explicit terms of the FTCA only provide for money damages. A number of courts have construed this provision to indicate that injunctive relief is unavailable as a remedy against the United States under the FTCA. *See Talbert v. United States*, **932 F.2d 1064, 1065-66 (4th Cir. 1991);** *Birnbaum v. United States*, **588 F.2d 319, 335 (2d Cir. 1978).** Given the plain meaning of the statute, it is clear that this Court lacks subject matter jurisdiction to award any relief other than money damages.

Thus, the Court hereby grants the United States's motion to dismiss to the extent that Kaskaskia's claims for injunctive and declaratory relief are now dismissed for lack of subject matter jurisdiction.

**2.  Kaskaskia's Negligence Claim as to the United States's Failure to Warn**

Next, the United States argues that this Court lacks subject matter jurisdiction to hear Kaskaskia's negligence claim as to the United States's failure to warn of any problems with its maintenance of the river's water flow.

Before proceeding to the legal analysis, the Court must first make the issue clear, as Kaskaskia's response clearly misunderstands—and consequently, fails to fully address—the United States's argument in this particular instance.  Kaskaskia appears to believe that the Government's subject matter jurisdiction argument pertains to the negligence claim generally.  But the United States's position is more narrow than that.  As the Court understands it, the United States only argues that the Court lacks subject matter jurisdiction over the portion of Kaskaskia's negligence claim that rests liability on the Government's failure to warn.  In other words, it is the Government's position that the failure to warn claim is separate and apart from the negligence claim, and instead constitutes a misrepresentation claim for which the FTCA does not waive the federal government's sovereign immunity.  Given this understanding, the Court now rules on the narrow issue of whether Kaskaskia's failure to warn allegations constitute a misrepresentation claim, rather than a component of the negligence claim.

**28 U.S.C. § 2680(h)** provides that the jurisdictional grant in § 1346(b) does not apply to "any claim arising out of . . . misrepresentation . . ."  In other words, the United States has not waived its sovereign immunity with respect to misrepresentation claims

brought under the FTCA. Thus, the question for this Court is whether Kaskaskia's claim that the United States was negligent in failing to warn of any maintenance issue actually amounts to a misrepresentation claim.

In *Block v. Neal*, the Supreme Court explained the scope of § 2680(h)'s misrepresentation exception. **460 U.S. 289, 295–98 (1983).** There, the Court noted that "the essence of an action for misrepresentation, whether negligent or intentional, is the communication of misinformation on which the recipient relies." *Id.* **at 296 (discussing** *United States v. Neustadt***, 366 U.S. 696 (1961)).** In *Neustadt*, the Court noted that "the traditional and commonly understood legal definition" of misrepresentation is "the duty to use due care in obtaining and communicating information upon which [a] party may reasonably be expected to rely in the conduct of his economic affairs." **366 U.S. at 706.**

In arguing that the failure to warn claim here arises out of misrepresentation rather than negligence, the United States points to two cases decided by courts in this Circuit: *Redmond v. United States By and Through SEC* and *Bergquist v. United States Nat'l Weather Serv.* In *Redmond*, the plaintiff was defrauded by a securities dealer who had previously served prison terms for dealing in stolen securities. **518 F.2d 811, 812 (7th Cir. 1975).** Plaintiff argued that certain representations made by Government employees led him to rely on the dealer's integrity, despite the fact that the dealer had been previously convicted of securities fraud. *Id.* **at 813.** Plaintiff's theory of liability rested on the contention that the Government had a duty to disclose such activities, and that their dissemination of misleading information harmed him. *Id.* **at 814.** The Seventh Circuit found that given the allegations in the complaint, it was clear that plaintiff's cause of action arose out of the tort of misrepresentation and was therefore barred by the exception in § 2680(h). *Id.* **at 816–17.**

In ***Bergquist***, plaintiffs alleged that the National Weather Service was negligent when it failed to adequately detect and warn them of severe weather. **849 F.Supp. 1221, 1225 (N.D. Ill. 1994).** Plaintiffs argued that as a result of inaccurate or incomplete weather bulletins, local emergency services were unable to activate warning sirens before a tornado struck their communities. *Id.* In resolving the question of whether these allegations actually stated a claim for misrepresentation, the district court explained that § 2680(h) "excepts from the [FTCA] cases where mere 'talk' or failure to 'talk' on the part of a government employee is asserted as the proximate cause of damage sought to be recovered from the United States." *Id.* **at 1231 (quoting *Nat'l Mfg. Co. v. United States*, 210 F.2d 263, 276 (8th Cir. 1954)).** As a result, the district court found that the failure to warn claims were in fact misrepresentation claims.

The problem with reliance on these cases, however, is that in each, the alleged tortfeasor actually disseminated inaccurate information to the plaintiffs. In *Neustadt*, the Federal Housing Administration furnished home purchasers with an appraisal finding that the home was sound, though substantial defects existed. In *Redmond*, it was alleged that federal agents disseminated inaccurate information to the plaintiff with respect to the security dealer's competence and integrity. And in *Bergquist*, the National Weather Service provided weather warnings and information, but failed to include pertinent information regarding the incoming tornado. The allegations in these cases bear the hallmark of a traditional misrepresentation claim.

But the circumstances here are not quite so clear-cut. As the Seventh Circuit noted in ***Murrey v. United States***,

> The [FTCA's] exclusion of claims of misrepresentation is designed to protect the government from being sued for fraud

> and other torts that come under the general legal heading of misrepresentation, whether intentional or negligent, injuring merely the pocketbook. It does not exclude claims of physical injury that happen to involve, as many do, an element of communication or misleading silence. Battery, for example, is battery, not fraud, even when it takes the form of sexual penetration permission for which was obtained by the "batterer's" concealing the fact that he has a sexually transmittable disease. The negligent infliction of personal injury, which is the classic tort that the Tort Claims Act allows the United States to be sued for, does not cease to be such when the negligence consists of a failure to warn. That is a feature of many garden-variety personal injury suits. If a train fails to blow its whistle at a crossing and a pedestrian crossing the tracks is lulled by the silence into thinking he is safe, and is killed, we call the railroad's tort negligence, not misrepresentation.

**73 F.3d 1448, 1450–51 (7th Cir. 1996) (citations omitted).**

This reasoning makes sense here, though the injury is to property rather than to the person. Kaskaskia's claim is not that the Government provided misinformation upon which it justifiably relied. Rather, the claim is that the United States owed Kaskaskia a duty of care to take certain actions for the safety of their property with respect to maintaining and controlling water levels; that the United States breached this duty, in part, when it failed to notify Kaskaskia of unsafe water levels resulting from its negligent maintenance; and that the breach of this duty was a proximate cause of the damage to Kaskaskia's marina. The complaint clearly alleges a negligence claim—not a misrepresentation claim.

And while the parties may argue about whether any such duty exists under the law of negligence, that is not the issue presently before the Court. At this point, the Court need only address whether Kaskaskia's failure to warn allegations constitute a misrepresentation claim for which sovereign immunity has not been waived. The Court instead finds that the failure to warn is a component of Kaskaskia's negligence claim and

therefore denies the United States's motion to dismiss for lack of subject matter jurisdiction on this ground.

### C.  Defendant's Motion for Summary Judgment

Having determined that subject matter jurisdiction lies with respect to Kaskaskia's negligence claim, the Court now addresses the United States's motion for summary judgment.  Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law.  *Breneisen v. Motorola, Inc.*, 512 F.3d 972 (7th Cir. 2008) (citing FED. R. CIV. P. 56(c); *Celetex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Krieg v. Seybold*, 481 F.3d 512, 516 (7th Cir. 2007)).

In ruling on a summary judgment motion, this Court must construe the evidence and all inferences reasonably drawn therefrom in the light most favorable to the non-moving party.  *Tas Distribution Co., Inc. v. Cummins Engine Co., Inc.*, 491 F3.d 625, 630 (7th Cir. 2007);  *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007).

Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the non-movant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial.  *Oest v. IDOC*, 240 F.3d 605, 610 (7th Cir. 2001); *Moore v. J.B. Hunt Transport, Inc.*, 221 F.3d 944, 950 (7th Cir. 2000).

### 1.  Statute of Limitations

First, the United States argues that summary judgment is proper because the two-year statute of limitations has run.  **28 U.S.C. § 2401(b)** provides that "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."  A claim is not

deemed "presented" until the Federal agency actually receives the claim. *Overcast v. United States Postal Serv.*, **49 Fed.Appx. 63, 65-66 (7th Cir. 2002) (citing 28 C.F.R. § 14.2(a)).** As this issue is raised as an affirmative defense, the United States bears the burden of establishing that Kaskaskia's claim was not filed within the limitations period.

In its FTCA claim and its original complaint, Kaskaskia alleged that its property was damaged "on or about September 6, 2003" (Doc. 2). This raised no red flags because the Army Corps of Engineers received Kaskaskia's administrative claim on August 31, 2005 (Doc. 32-2, Exh. C). However, on May 16, 2008, Kaskaskia amended its complaint to state that the damage occurred "on or about August 30, 2003" (Doc. 25). The United States promptly raised its statute of limitations defense in its May 30, 2008 answer (Doc. 27).

Kaskaskia argues that the exact date of the damage was and is unknown, which is why the language "on or about August 30, 2003" is used in the amended complaint. According to Kaskaskia, the damage occurred at some point during Labor Day weekend. This position is supported by the deposition of Ervin Smith.[1] When questioned about the specific date of the damage, Smith explained "I'm more sure [that it occurred on] Labor Day weekend than the date" (Doc. 32-2, Exh. E, pp. 69–70).[2] During 2003, Labor Day fell on September 1. Thus, given the record before the Court and construing the evidence in the light most favorable to Kaskaskia, it is conceivable that the damage could have occurred either on August 30, August 31, or September 1.

---

[1] It appears that Smith is the president or owner of Kaskaskia River/Marina Campgrounds.

[2] The United States provides selected pages from Smith's deposition along with its motion for summary judgment (Doc. 32-2, Exh. E). With its reply, the United States provides additional pages from the deposition to better explain its position (Doc. 36-2, Exh. A). However, as these pages were not attached to the motion for summary judgment, the Court cannot consider them in resolving the instant motion.

So which date is it?  The Court would expect that the parties could pinpoint the date of the damage at this late stage of the case.  However, neither party presents evidence from which the Court can make a determination as to whether the statute of limitations has in fact run.  Accordingly, a genuine issue of material fact exists and the Court must deny the United States's motion for summary judgment as to this ground.

## 2.  Evidence of Negligence

Next, the United States argues that despite lengthy discovery, Kaskaskia cannot present any evidence to support its claim that the United States or its employees were negligent.  The United States notes that when asked what particular conduct by the Army Corps of Engineers produced the alleged low water event and damaged Kaskaskia's property, Ervin Smith stated that he had "no specific knowledge" (Doc. 32-2, Exh. E, p. 48).

Additionally, the United States argues that there is no evidence of negligence because the river levels were adequate.  Kaskaskia's amended complaint alleges that the United States "failed to follow pre-established protocols for maintaining a navigable waterway" and that it had a duty "to maintain an adequate flow of water within the guidelines established" (Doc. 25, ¶¶ 22, 25).  Apparently, the guidelines and protocols Kaskaskia refers to are located in the Army Corps of Engineers' Kaskaskia River Water Control Manual (Manual) (Doc. 32-2, Exh. A).

The Manual provides that the water level should be maintained at elevations of 363.0 and 368.0 feet mean seal level at the dam and 368.0 plus-or-minus 0.5 feet mean sea level at Red Bud.  Assuming for the moment that the guidelines in the Manual do in fact create a duty upon the United States to maintain these water levels, there is no evidence that the United States was negligent in carrying out any such duty.  The Government provides

records showing that between August 30, 2003 and September 1, 2003, the water level of the Kaskaskia River at Red Bud never dropped below 367.5 feet mean sea level (Doc. 32-2, Exh. F).[3] In fact, the evidence indicates that the water level dropped below 368.0 feet only briefly during the period from 6:00 a.m. and 1:00 p.m. on August 30, 2003. The water was at its lowest level at 10:00 a.m., when its elevation was 367.63 feet mean sea level.

Kaskaskia attempts to rebut this evidence in its response by arguing that the testimony of Smith and Defendant's employees prove that the United States was negligent. Apparently, the Court is simply expected to accept Kaskaskia's view of the evidence and its unsupported claims. Indeed, Kaskaskia has wholly failed to present any evidence in support of its negligence claim. The only exhibit Kaskaskia provides in opposition to summary judgment is its three-page response to interrogatories, which contains no evidence of negligence whatsoever.

As a result, the Court is left with the unrebutted evidence provided by the United States. Thus, the Court is compelled to find that even if it assumes that the United States owed Kaskaskia a duty of care to maintain water levels as provided in the Manual, there is no evidence of negligence. Construing the evidence in favor of Kaskaskia, it is clear that no genuine issue of material fact exists and the United States's motion for summary judgment must be granted.

Consequently, the Court need not address the United States's other arguments.

### D. Conclusion

For the reasons clearly stated above, the Court **GRANTS** the United States's motion to dismiss Kaskaskia's claims for injunctive and declaratory relief for lack of subject

---

[3] These records are supported by an affidavit from David Busse, the custodian of the records of river elevations for the St. Louis District of the U.S. Army Corps of Engineers.

matter jurisdiction (Doc. 31).  Additionally, the Court **GRANTS** the United States's motion for summary judgment (Doc. 31), finding that there is no genuine issue of material fact as to the question of negligence.

Accordingly, the Court **DIRECTS** the Clerk of Court to enter judgment in favor of the United States and against Kaskaskia River/Marina Campgrounds, Inc.  As no pending claims remain, this case is hereby **DISMISSED**.

**IT IS SO ORDERED.**

**DATED this 15th day of October 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**